Howekd, J.
The plaintiff alleges that on the 23d of September, 1861, he- leased a dwelling-house in New Orleans, to the defendant for one year at $500, for which the latter gave his notes payable quarterly; that the defendant held possession of the premises until 1st February, 1864, and that he owes the notes given for the rent of the two last quarters, and rent at the same rate for the time he held possession after the expiration of the written lease. The defendant admits signing the lease, and his occupation of the dwelling up to the 26th April, 1862, for which he has paid in full, and denies aE other allegations; he avers that for his personal safety he was forced to leave the city on said last date, and that he has never since occupied the leased premises; that he left therein furniture and movables worth $7,000, which plaintiff permitted to be pillaged by lawless persons, and took no steps to secure his (defendant’s) property, or to provisionally seize and sell for the rent due him, (plaintiff,) who thus caiised its loss to the defendant; that plaintiff weE knew that he did not occupy the property after the said 26th April, 1862, and had ample time to collect the rent due; that house rents in New Orleans were very low *191 after its capture by the Federal troops, and the premises in question were worth nothing, and could not have been rented on account of tbe late civil war; that plaintiff has taken and appropriated to his own bse gas-fixtures worth $80, and other articles belonging to defendant, amounting together in value to $525, which he claims in reconvention.
Judgment was rendered in favor of plaintiff for the amount of two rent-notes, with interest from the maturity of each, and sustaining the reconventional demand in the sum of $80, to be credited of date 24th April, 1862, from which plaintiff has appealed, and defendant has asked an amendment rejecting plaintiff’s demand.
There can be no doubt of the correctness of the judgment as to the amount of the two notes with interest, and the only question'is as to the liability of the defendant for the rent after the expiration of the written lease for one year.
Plaintiff’s book-keeper testifies that defendant’s servants occupied the property up to about the 1st January, 1864. The defendant, as witness, states that on the 26th April, 1862, he left the city, taking with him all of his family and servants, except an old slave woman too infirm to be moved, with whom he left the keys of the house, which contained all of his furniture, etc. Another witness says, this woman died of old age, but ihe date of her death is not given. He also says, the premises were occupied, in April, or May, 1863, by white persons not of defendant’s family.
From these facts, we think it clear that defendant's occupancy was continued in his servant, whom he left at the house in which his furniture remained, and with whom he left the keys, there appearing no notice to plaintiff in accordance with Art. 2656, C. C., and no opposition by the lessor to the continued possession, and hence a tacit reconduction of the lease by the month took place. C. C. 2655, 2656, 2659; 9 An. 504; 11 An. 477. This possession being shown to continue up to 1st January, 1864, the defendant is responsible for the rent to that date, under a re-conduction of the lease.
The law and the evidence do not sustain the reconventional demand.,
It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendant the sum of $885, with legal interest on $125 from 23d June, 1862, on a like sum from 23d September, 1862, and on $635 from 1st January, 1864, with costs in both courts.
Rehearing refused.